Approved:  _Rebecca Dell_____
           REBECCA T. DELL
           Assistant United States Attorney

Before:    THE HONORABLE GABRIEL W. GORENSTEIN
           United States Magistrate Judge
           Southern District of New York

# 20 MAG 6550

- - - - - - - - - - - - - - - - - - X

                                    :    **SEALED COMPLAINT**

UNITED STATES OF AMERICA            :    Violation of
                                         18 U.S.C. §§ 922(g)(1),
           - v. -                   :    924(a)(2), and 2

SHERARD WADLINGTON,                 :
                                         COUNTY OF OFFENSE:
                Defendant.          :    BRONX

                                    :

- - - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

        BELINDA DELGADO, being duly sworn, deposes and says
that she is a Detective with the New York City Police Department
("NYPD"), and charges as follows:

### COUNT ONE
(Felon in Possession)

        1.    On or about February 20, 2020, in the Southern
District of New York and elsewhere, SHERARD WADLINGTON, the
defendant, knowing he had previously been convicted in a court
of a crime punishable by imprisonment for a term exceeding one
year, knowingly did possess a firearm, to wit, a loaded .25
caliber, semi-automatic Raven Arms pistol, and the firearm was
in and affecting commerce.

        (Title 18, United States Code, Sections 922(g)(1), 924(a)(2),
                              and 2.)

        The bases for my knowledge and for the foregoing
charge are, in part, as follows:

        2.    I am a Detective with the NYPD, and I have been
personally involved in the investigation of this matter.  This
affidavit is based upon my personal participation in the
investigation of this matter, my conversations with law
enforcement agents, witnesses and others, as well as my

2

examination of reports and records.  Because this affidavit is
being submitted for the limited purpose of establishing probable
cause, it does not include all the facts that I have learned
during the course of my investigation.  Where the contents of
documents and the actions, statements, and conversations of
others are reported herein, they are reported in substance and
in part, except where otherwise indicated.

3.    Based on my review of court documents and my
review of criminal history records pertaining to SHERARD
WADLINGTON, the defendant, I have learned the following, in
substance and in part:

a.    On or about July 21, 2015, in Bronx County
Supreme Court, WADLINGTON was convicted of Criminal Possession
of a Firearm, in violation of New York Penal Law § 265.01.  On
or about August 25, 2015, WADLINGTON was sentenced to one to
three years' imprisonment.

b.    On or about July 31, 2017, in Bronx County
Supreme Court, WADLINGTON was convicted of (i) Attempted
Criminal Possession of a Controlled Substance in the Third
Degree, in violation of New York Penal Law § 220.16, and (ii)
Criminal Possession of a Weapon in the Fourth Degree, in
violation of New York Penal Law § 265.01.  On or about August
14, 2017, WADLINGTON was sentenced to two years' imprisonment
and two years of supervised release for the narcotics charge,
and one year imprisonment for the weapons charge.

4.    Based on my review of the "Certificate of Release
to Parole Supervision" pertaining to SHERARD WADLINGTON, the
defendant (the "Certificate of Release"), I have learned the
following, in substance and in part:

a.    On or about May 16, 2019, WADLINGTON was
released on parole, with a scheduled termination date of on or
about May 16, 2021.

b.    On or about May 15, 2019, WADLINGTON signed
the Certificate of Release, which stated, among other things: "I
will permit my Parole Officer to visit me at my residence and/or
place of employment and I will permit the search and inspection
of my person, residence and property."  In the Certificate of
Release, WADLINGTON also agreed that he would not own, possess,
or purchase a firearm without the written permission of his
parole officer.

3

5.   Based on my participation in the investigation, my conversations with other law enforcement officers and parole officers, and my review of NYPD and parole records, I have learned the following, in substance and in part:

a.   In or around the morning of February 20, 2020, parole officers conducted a search of the apartment of SHERARD WADLINGTON, the defendant, which is located in the Bronx, New York.

b.   During the search of WADLINGTON's bedroom, the parole officers found a loaded .25 caliber, semi-automatic Raven Arms pistol (the "Firearm") inside a blue fanny pack inside one of the dresser drawers.

6.   Based on my review of NYPD reports and recordings, I have learned that SHERARD WADLINGTON, the defendant, was interviewed while in custody on February 20, 2020.  After being advised of his Miranda rights and electing to proceed, WADLINGTON stated, in sum and substance, that he possessed the Firearm for protection.

7.   Based on my review of a report from a Special Agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives, I have learned that the Firearm was not manufactured in New York.

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of SHERARD WADLINGTON, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

sworn telephonically
_____
Detective Belinda Delgado
New York City Police Department

Sworn to me through the transmission of this
Affidavit by reliable electronic means, pursuant to
Federal Rules of Criminal Procedure 41(d)(3) and 4.1,
this 23rd day of June, 2020 at 10:17 a.m.

_____
THE HONORABLE GABRIEL W. GORENSTEIN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK